192    APPELLATE COURTS OF ILLINOIS.

Chicago, P. & St. L. Ry. Co. v. Woolner Dis. Co., 160 Ill. App. 192.

Chicago, Peoria & St. Louis Railway Company, Plaintiff in Error, v. Woolner Distilling Company, Defendant in Error.

## Gen. No. 5401.

COMMON CARRIERS—*when right to recover demurrage established.* *Held*, that the right of a carrier to demurrage was established. (See Woolner Distilling Co. v. Peoria & Eastern Ry. Co., 136 Ill. App. 479; Schumacher v. C. & N. W. Ry. Co., 207 Ill. 199.)

Assumpsit. Error to the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded. Opinion filed March 16, 1911.

STEVENS, MILLER & ELLIOTT, for plaintiff in error; WILSON, WARREN & CHILD, of counsel.

JOSEPH A. WEIL and FRANK J. QUINN, for defendant in error.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

This is an action in *assumpsit*, brought by the Chicago, Peoria & St. Louis Railway Company against the Woolner Distilling Company in the Circuit Court of Peoria county to recover demurrage charges claimed to be due from defendant to plaintiff, involving about 190 cars delivered to defendant company from time to time during the period from July 4, 1904, and ending March 30, 1905, the amount of demurrage claimed being based upon the rules of the car service association governing the terminals at Peoria and vicinity. The cause was referred to a special referee for the purpose of taking an accounting of the number of days that cars had been detained by the defendant after the expiration, in each case, of the time allowed by the rules of the association for unloading. This referee

found and reported that the total number of days detention of cars was 1541 upon which plaintiff was entitled to demurrage at the rate of $1 per day. A trial was had by jury upon this report and certain oral evidence and exhibits and, at the close of the plaintiff's evidence, the court instructed the jury to find a verdict in favor of the defendant, which was done. A motion for a new trial was overruled and judgment was entered against the plaintiff below, in bar and for costs, from which it prosecutes this writ of error.

The main contention of plaintiff in error is that the court below erred in holding that the railroad company was required to give direct notice to defendant that cars were being held for it, and that evidence showing that the defendant had received such notice, though not from the railroad company, was incompetent, and as a preliminary to a discussion of that point, it is necessary that a short statement be made of the method employed in handling the cars in question.

The cars here in question were all cars of coal. These cars were shipped from the mines, consigned to various wholesale coal companies in Peoria. None of the cars were consigned or addressed directly to defendant in error but, just before or upon their arrival at the railroad yards at or near Peoria, it was the custom for the consignees, the wholesale companies, to give directions to the railroad to cause such cars to be delivered to the defendant in error. The rules of the car service association, which was an association of a large number of railroads having for its purpose the control and disposition of cars, require that notification of the arrival of freight shall be made immediately by some means agreed upon between the agents of the various roads and the respective consignees, and that a charge of $1 per day shall be made by the railroads for each day each car is retained after the expiration of forty-eight hours, which time is allowed for unloading each car. It is conceded by defendant in error

that, in each case, notice was given by the railroad company to the wholesale coal dealer to whom the car was consigned on the arrival of the freight, and that, in each case, the railroad company was then directed to deliver the car to defendant in error. In each case, also, it is conceded or not disputed that defendant in error was notified of the arrival of the coal by the consignee; but defendant in error claims that because it was not notified directly by the railroad company, it cannot be held liable for demurrage by reason of delay in returning the empty cars to the railroad company. The switching facilities of defendant in error were such that only five cars could be unloaded at one time and, if plaintiff in error held more than five cars for delivery to defendant in error, as was almost invariably the case, it was necessary for the railroad company to hold the cars in its yards until it could secure an opportunity to place the cars, in lots of five at a time, on the unloading track of defendant in error.

We are satisfied that notice to defendant in error that a car was at its disposal was sufficient, whether it came from the railroad company through its distributing agency, the Peoria & Pekin Union Terminal Railway, or through the consignee or other parties. The record clearly shows that a certain custom or usage had been in force for many years in that locality, by which the wholesale dealer, upon being notified by the carrier of the arrival of the freight, would give directions to the carrier as to the delivery of the freight and would also give notice to the ultimate purchaser that such a car was in Peoria at its disposal. Even if it should be considered that the purchaser from the wholesale dealer was in fact the consignee and as such entitled to notice, still the rules of the car service association state that such notice shall be given as may be agreed upon, and long continued acquiescence by defendant in error in the manner employed in giving notice would be necessarily held as an agreement

thereto. It seems clear that the court below erred in refusing to allow plaintiff in error to prove that actual notice of the arrival of the respective cars in question had been given to defendant in error, and what kind of notice that was and how given. Furthermore, the evidence showed that the Peoria manager of the car service association had several interviews with the manager of the defendant company, concerning the rules of the several railroads relating to car service, and that, on one occasion, before any of the charges here sued for were incurred, the manager of defendant company agreed to pay without question any demurrage charges accruing after that date. We consider that plaintiff in error should have been permitted by the court below to introduce its evidence tending to show that defendant in error had received notice of the arrival of its freight.

The facts in this case are substantially the same as those contained in the statement of the court in Woolner Distilling Co. v. Peoria & Eastern Ry. Co., 136 Ill. App. 479. See also Schumacher v. C. & N. W. Ry. Co., 207 Ill. 199.

For the error in the rulings upon the evidence presented, this judgment must be reversed and the cause remanded to the lower court.

*Reversed and remanded.*